GLD-414                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2970
_____

IN RE:  DONALD G. JACKMAN, JR.,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 12-cv-02414)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 29, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  September 9, 2013)
_____

OPINION
_____

PER CURIAM

Donald G. Jackman, Jr. has filed a petition for a writ of mandamus seeking an

order directing the District Court to conduct a jury trial in his civil action.  For the

reasons below, we will deny the petition.

In April 2012, Jackman filed a "Motion for Issuance of Enforcement Order per 18

U.S.C. § 3626(a)(1) and Injunctive or Restraining Relief per Fed. R. Civ. Proc. Rule 65."

He claimed that the Bureau of Prisons ("BOP") was deducting too much money from his

accounts towards the filing fees he owed the courts. He sought return of the funds. He asserted that he was denied the right to object to the taking of the funds.[1]

The District Court noted that Jackman had three prior civil actions dismissed as frivolous, malicious or for failure to state a claim and had not shown that he was in imminent danger of physical injury. See 28 U.S.C. § 1915(g). It denied his request to proceed in forma pauperis and gave him thirty days to pay the filing fee. Jackman then filed a motion for a new trial or to alter or amend the judgment pursuant to Rule 59(a) & (e). He contended that he had not requested in forma pauperis status. He argued that because partial filing fees were assessed in some of his prior cases, they did not count as "strikes." He asserted that simply being in prison put him in imminent danger.

On June 26, 2013, the District Court granted the Rule 59(e) motion and vacated its prior order. It determined that Jackman's motion for enforcement was a civil action and a $350 filing fee was required. It directed the Clerk to administratively terminate the matter without prejudice to reopening if Jackman paid the filing fee or applied to proceed in forma pauperis within thirty days. Jackman did not file to proceed in forma pauperis in the District Court or pay the filing fee. He did not file an appeal from the District Court's order.

---

[1] In C.A. Nos. 08-4126 and 08-4798, Jackman appealed the dismissal of a complaint in which he argued, inter alia, that the prison improperly assessed fees against his prison bank account. However, his concern in 2008 over the encumbrances on his prison account did not stop him from continuing to file meritless civil actions and creating more encumbrances on his account. See Agramonte v. Shartle, Civ. No. 09-cv-790 (N.D. Oh. Jul. 22, 2009) (dismissed pursuant to 28 U.S.C. § 1915A, and any appeal certified as not in good faith); Jackman v. Cohill, Civ. No. 09-cv-2950 (N.D. Oh. Mar. 31, 2010) (same); Jackman v. Lappin, Civ. No. 11-cv-00016 (N.D. Oh. Jun. 14, 2011) (dismissed pursuant to 28 U.S.C. § 1915(e), and any appeal certified as not in good faith).

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

In his mandamus petition, Jackman requests that we order the District Court to conduct a jury trial. Jackman has not shown that there is no alternate remedy or other adequate means to obtain the desired relief. Kerr, 426 U.S. at 403. If Jackman wished for his District Court action to move forward, he could have simply filed for in forma pauperis status or paid the filing fees. If Jackman wished to challenge the District Court's determinations that his pleading was a civil action requiring a filing fee, that he was a three-striker,[2] or that he had not shown imminent danger, he could have appealed the District Court's October 2, 2012, order denying his IFP application. Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (order denying leave to proceed in forma pauperis is immediately appealable as a collateral order). Jackman also argues that

---

[2] Jackman has had three or more civil actions or appeals dismissed as frivolous or for failure to state a claim: United States v. Various Firearms, C.A. No. 03-4607 (3d Cir. Aug. 3, 2004) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally and factually frivolous); Jackman v. United States Dep't of Justice, Civ. No. 08-cv-237 (W.D. Pa. Nov. 17, 2008) (complaint dismissed for failure to state a claim); Jackman v. Federal Bureau of Prisons, Civ. No. 07-cv-00241 (W.D. Pa. Oct. 16, 2007) (dismissed for failure to state a claim and as legally frivolous); Jackman v. McMillan, Civ. No. 06-cv-00051 (W.D. Pa. Apr. 12, 2006) (dismissed for failure to state a claim).

the District Court mischaracterized his "Motion for Enforcement" as an in forma pauperis request and delayed acting on his Rule 59(e) motion. However, after Jackman filed his mandamus petition, the District Court granted his Rule 59(e) motion, vacated its prior order and construed the motion as a civil action and not as a motion to proceed in forma pauperis.

Nor has Jackman shown a clear and indisputable right to the relief sought. Kerr, 426 U.S. at 403. Jackman does not have a clear and indisputable right to file civil actions in the District Court without paying the filing fee or qualifying to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

For the above reasons, we will deny the petition for a writ of mandamus. The motions to reopen the proceeding and to proceed in forma pauperis are granted. See Madden v. Myers, 102 F.3d 74, 78-79 (3d Cir. 1996).